UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

ARTEMIO CASTELLANOS,

                        Petitioner,

                                          **MEMORANDUM & ORDER**
        v.                                  10-CV-5075 (MKB)

ROBERT KIRKPATRICK, Superintendent,
Wende Correctional Facility,

                        Respondents.

----------------------------------------------------------------x
MARGO K. BRODIE, United States District Judge:

      Petitioner Artemio Castellanos brings the above-captioned habeas corpus petition pursuant to 28 U.S.C. § 2254, in which he alleges that he is being held in state custody in violation of his federal constitutional rights. Petitioner's claim arises from a judgment of conviction after a jury trial for one count of criminal sexual act in the first degree and one count of sexual abuse in the first degree in the New York County Court, Nassau County. Petitioner was sentenced to a determinate term of 25 years on the first count, to run concurrently with a term of seven years on the second count. Petitioner appealed his conviction to the New York Appellate Division, Second Department, claiming that: (1) his conviction was against the weight of the evidence; (2) his confession was coerced and should have been suppressed; (3) the trial court abused its discretion in permitting the six-year-old complainant to testify; (4) the trial court erroneously obstructed the testimony of multiple witnesses; (5) the trial court's erroneous instructions and failure to issue necessary charges to the jury individually and cumulatively influenced the verdict; (6) the trial court erred in allowing testimony about the complainant's statements; and (7) he was denied his right to a showing of probable cause for his arrest. The

Appellate Division rejected Petitioner's claims and affirmed his conviction. *People v. Castellanos*, 884 N.Y.S.2d 126 (App. Div. 2009). The New York Court of Appeals denied leave to appeal. *People v. Castellanos*, 13 N.Y.3d 858 (2009).

On June 10, 2013, Petitioner moved for "for an order granting petitioner leave to amend his petition for habeas corpus, for a stay to hold the petition in abeyance pending resolution of his motion to vacate his judgment pursuant to N.Y. Criminal Procedure Law § 440.10 in New York state court, and for reconsideration of his prior motion seeking discovery in this Court, or any similar relief as the Court may deem just and proper." (Pet'r Notice of Motion, Docket Entry No. 15.) In a letter dated June 25, 2013, Respondent consented to Petitioner's request to amend the petition and to hold the petition in abeyance. (Resp't June 25 Letter, Docket Entry No. 16.) Respondent also notified the Court that he intended to oppose Petitioner's § 440.10 motion in state court, suggesting that the Court could review Petitioner's discovery request after the resolution of the state court proceedings. (*Id.*) For the reasons set forth below, the Court grants Petitioner's motion for a stay and holds the petition in abeyance pending the resolution of Petitioner's motion to vacate his judgment. The Court denies Petitioner's motion for discovery, without prejudice to renew, after the completion of the state court proceeding.[1]

## I. Stay and Abeyance

Amendment of the petition by Petitioner to include an unexhausted claim pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), transforms the petition into a mixed petition, which can be stayed and held in abeyance. *Adams v. Artus*, No. 09-CV-1941, 2012 WL 1077451, at *12 (E.D.N.Y. Feb. 24, 2012) ("Where a habeas petition is mixed, containing both exhausted and unexhausted claims, the petition could be stayed and held in abeyance so that the petitioner can

---

[1] The Court granted Petitioner's motion to amend the petition on July 16, 2013.

2

present his unexhausted claims to the state court and return to federal court with a perfected petition.") (citing *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005)), *adopted by*, 2012 WL 1078343 (E.D.N.Y. Mar. 30, 2012). A stay should be granted only if "the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S.at 277. "[T]he district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id*. A stay should not be granted where a petitioner has engaged in "abusive litigation tactics or intentional delay." *Id.* at 278.

"The Supreme Court and the Second Circuit have yet to define what constitutes 'good cause' under *Rhines*." *Henry v. Lee*, No. 12-CV-5483, 2013 WL 1909415, at *6 (E.D.N.Y. May 8, 2013). Courts have found good cause where the wording of a state court decision caused a petitioner "'reasonable confusion' about his claims and their viability," *id.* at *7, where a petitioner learned of an eyewitness shortly before filing his habeas petition but was unable to locate the witness again until after filing, *see Spurgeon v. Lee*, No. 11-CV-00600, 2011 WL 1303315, at *2 (E.D.N.Y. Mar. 31, 2011), and where a *pro se* petitioner was unaware of the procedure for raising an ineffective assistance of counsel claim in the state, *Rolle v. West*, No. 05-CV-591, 2006 WL 2009101, at *2 (E.D.N.Y. July 17, 2006). *But see Ortiz v. Heath,* No. 10CV1492, 2011 WL 1331509, at *15 (E.D.N.Y. April 6, 2011) (rejecting a claim on similar grounds); *Madrid v. Ercole*, No. 08-CV-4397, 2012 WL 6061004, at *2 (E.D.N.Y. Dec. 6, 2012) (same); *Ramdeo v. Phillips*, No. 04-CV-1157, 2006 WL 297462, *7 (E.D.N.Y. Feb. 8, 2006) (same). Courts have rejected claims arguing that petitioner only recently discovered that an argument was not raised on appeal, *Antoine v. Martuscello*, No. 11-CV-00088, 2012 WL 5289535, at *1 (E.D.N.Y. Oct. 22, 2012), and where a petitioner had failed to pursue state

3

remedies in the two years that he had been aware of them, *Spells v. Lee*, No. 11-CV-1680, 2012 WL 3027865, at *6 (E.D.N.Y. July 23, 2012).

Here Petitioner argues that he was both unaware of the alleged *Brady* materials at issue prior to his habeas claim and that there had been no clear case law directly on point until two recent decisions. (Pet'r Mem., Docket Entry No. 15, at 32.) Petitioner cites two cases: *Milke v. Ryan*, 711 F.3d 998 (9th Cir. 2013), decided in March 2013, where the Ninth Circuit found that failure to disclose an interrogating officer's suspension for sexual misconduct and findings that the officer had lied under oath constituted a *Brady* violation, and *People v. Garrett*, 964 N.Y.S.2d 652 (App. Div. 2013), decided in May 2013, where the Appellate Division found that a civil suit against the detective who procured a defendant's contested confession is *Brady* material if the district attorney's office is aware of the suit. Petitioner argues that only after these cases had been decided and Petitioner had become aware of civil suits and investigations of Detective Trujillo could Petitioner have sought relief in state court.

The nature of a *Brady* claim, predicated on failure to disclose material information, makes it particularly suitable for a finding of good cause. *See Jimenez v. Graham*, No. 11-CV-6468, 2011 WL 6287999, at *4 (S.D.N.Y. Dec. 14, 2011) (finding that a petitioner had good cause for his failure to exhaust a *Brady* claim made based on newly uncovered evidence). Here, Petitioner has shown good cause. In light of *Milke* and *Garrett*, Petitioner's argument that details regarding four civil suits against Detective Trujillo and six internal affairs investigations constituted *Brady* material is not plainly meritless. (Pet'r Mem., Docket Entry No. 15, at 13–14.) There is no suggestion that Petitioner has engaged in abusive litigation tactics or intentional delay. Petitioner's request for a stay to hold the petition in abeyance pending resolution of his

motion to vacate his judgment pursuant to N.Y. Criminal Procedure Law § 440.10 in New York state court is granted.

## II. Discovery Request

"[A] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *see also Drake v. Portuondo*, 321 F.3d 338, 346 (2d Cir. 2003). "Rather, discovery is only allowed if the district court, acting in its discretion, finds 'good cause' to allow it." *Beatty v. Greiner*, 50 F. App'x 494, 496 (2d Cir. 2002). "'[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.'" *Bracy*, 520 U.S. at 908–09 (alteration in original) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

Petitioner seeks discovery to develop facts showing that he is entitled to federal habeas relief under his existing Sixth Amendment claim and his new *Brady* claim. (Pet'r Mem., Docket Entry No. 15, at 37–38.) With respect to the Sixth Amendment claim, Petitioner has not shown how developing the facts would entitle him to relief. "Where there has been an adjudication on the merits in the state court proceeding, review under § 2254(d)(1) does not permit consideration of new evidence in an evidentiary hearing before the federal habeas court, and review is limited to the record that was before the state court that adjudicated the claim on the merits." *Assadourian v. Brown*, 493 F. App'x 223, 224 (2d Cir. 2012) (citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011)).

With respect to the *Brady* claim, granting the discovery request could be premature. *See United States v. Schwamborn*, No. 01-CR-416 S-6, 2010 WL 3926055, at *1 (E.D.N.Y. Oct. 4,

5

2010) (denying request for discovery based on speculation that the sentence of a not-yet-sentenced co-defendant would "be significantly lower than the sentence imposed on him and that the disparity will be a ground for relief"); *Harnett v. Conway*, No. 08-CV-1061, 2009 WL 4729950, at *2 (S.D.N.Y. Dec. 10, 2009) (denying discovery request for documents related to ongoing state court proceedings). Several courts have suggested that discovery should not be permitted on unexhausted claims. *See Calderon v. U.S. Dist. Court for the E. Dist. of Cal. (Sacramento)*, 113 F.3d 149, 149 (9th Cir. 1997) ("In light of the concession by petitioner that his federal habeas petition contains unexhausted claims that must be dismissed or pursued in state court before they may be included in the federal habeas petition, discovery at this time is inappropriate."); *Calderon v. U.S. District Court*, 98 F.3d 1102, 1106 (9th Cir. 1996) ("[A]ny right to federal discovery presupposes the presentation of an unexhausted federal claim, because a federal habeas petitioner is required to exhaust available state remedies as to each of the grounds raised in the petition."); *Grizzle v. Horel*, No. 07-CV-4845, 2009 WL 1107778, at *1 (N.D. Cal. Apr. 23, 2009) ("[A] petitioner cannot avail himself to Rule 6 discovery until he has filed a federal habeas petition on an exhausted claim."). *But see High v. Nevens*, No. 11-CV-00891, 2013 WL 1292694, at *6 (D. Nev. Mar. 29, 2013) ("The Ninth Circuit's *Gonzalez* [*v. Wong*, 667 F.3d 965 (9th Cir. 2011)] decision instead would suggest that there is no such inflexible requirement that it must be conclusively established beforehand that a federal claim is fully exhausted before federal habeas discovery may be allowed.").

The Court denies Petitioner's motion for discovery, without prejudice to renew, after Petitioner has availed himself of the opportunity to pursue his claim in state court, and can demonstrate that the state "did not provide him with an adequate opportunity to develop the record." *Nunez v. Greiner*, No. 02-CV-0732, 2004 WL 307264, at *2 (S.D.N.Y. Feb. 13, 2004).

### III. Conclusion

For the foregoing reasons, the Court grants Petitioner's motion for a stay and holds the petition in abeyance pending the resolution of his motion to vacate his judgment. The Court denies Petitioner's motion for discovery, without prejudice to renew.

SO ORDERED:

       s/MKB
MARGO K. BRODIE
United States District Judge

Dated: July 16, 2013
      Brooklyn, NY